

Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-14-2006

# Lie v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3099

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lie v. Atty Gen USA" (2006). *2006 Decisions.* Paper 457.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/457

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———————

No. 05-3099

———————


FERRY LIE,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent


———————


Petition for Review of the Order
of the Board of Immigration Appeals
(A95-149-537)
Immigration Judge: Donald Vincent Ferlise

———————

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2006

Before: SCIRICA, Chief Judge, SLOVITER, and BARRY, Circuit Judges

(Filed September 14, 2006)

———————


OPINION


1

SLOVITER, Circuit Judge.

Ferry Lie, a thirty-four-year-old Indonesian of Chinese descent, has filed a petition for review of the decision of the Board of Immigration Appeals ("BIA") denying his claims for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure. He challenges at length numerous rulings on the steps to the final determination, such as the BIA's dismissal of the appeal as untimely, rejection of his claim that his former counsel was ineffective, and denial of his Motion to Reopen. Although he devotes a substantial portion of his brief to these side issues, we need not reach them because he has shown no prejudice from the other rulings inasmuch as the BIA did reach and decide the merits of his claim. We focus exclusively on that issue.

**I.**

Lie entered the United States on a student visa in October 2000 but failed to attend Wichita State University as intended. Once he was in the country, he decided that it would be less expensive to attend California State University at Fullerton but only attended classes there for a week. He claims that he was forced to drop out because his father was having financial problems and would not be able to help support him or pay his tuition. The former Immigration and Naturalization Service[1] began removal

---

[1] On March 1, 2003, the INS ceased to exist as an independent agency within the Department of Justice. The immigration enforcement functions of the INS were transferred to the Bureau of Immigration and Customs Enforcement within the newly created Department of Homeland Security. See Homeland Security Act of 2002, Pub. L. No. 107-296, §§ 441, 451, 471,

2

proceedings on December 5, 2001. Lie conceded that he was removable, but applied for asylum, withholding of removal, relief under the CAT and, in the alternative, voluntary departure. He claims that, as an ethnic Chinese Christian, he would be subjected to both religious and racial persecution if returned to Indonesia. The Immigration Judge ("IJ") denied Lie's applications on January 6, 2003. The IJ found that Lie's fear of persecution was neither objectively nor subjectively reasonable, and that Lie's testimony was "totally incredible." App. at 192.

Lie's attorney filed an untimely notice of appeal, and the INS moved to dismiss on that ground. After nearly fourteen months, the BIA held that it lacked jurisdiction to consider the appeal because it was untimely. On May 9, 2004, Lie, represented by new counsel, filed a Motion to Reopen the removal proceedings, claiming ineffective assistance by his prior counsel. In his motion, Lie stated that he "will file a complaint with the disciplinary committee of the Supreme Court of Pennsylvania" against the former counsel as required by Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). App. at 120. On August 3, 2004, the IJ denied the Motion to Reopen, because (1) the motion was not filed within ninety days of the final administrative decision; (2) Lie failed to state any new facts sufficient to justify reopening his case; and (3) Lie failed to satisfy the procedural requirements for an ineffective assistance of counsel claim, because he had neither filed a disciplinary complaint against counsel nor explained his failure to do so.

116 Stat. 2135 (2002).

3

On August 9, 2004, Lie filed a Motion to Reconsider the denial of the Motion to Reopen. The IJ denied the motion on September 24, 2004. Lie appealed the denial of the Motion to Reopen to the BIA, and after it dismissed his appeal, he filed this petition for review.[2]

## II.

This court has jurisdiction to review a final order of the BIA under 8 U.S.C. § 1252(a)(1). When the BIA defers to the findings of the IJ, it may be necessary to review both the decision of the IJ and that of the BIA. Miah v. Ashcroft, 346 F.3d 434, 439 (3d Cir. 2003). There are three principal grounds for denying a motion to reopen: (1) the alien has failed to establish a prima facie case that s/he is entitled to relief; (2) the alien "has failed to introduce previously unavailable, material evidence that justifies reopening"; or (3) the requested relief is discretionary and the movant is not entitled to such relief. Sevoian v. Ashcroft, 290 F.3d 166, 169-70 (3d Cir. 2002). Motions to reopen are disfavored and are reviewed for an abuse of discretion. Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). Factual determinations are reviewed for substantial evidence. Sevoian, 290 F.3d at 170.

Although the BIA may not have understood that Lie claimed that his Motion to Reopen was timely, see Filja v. Gonzales, 447 F.3d 241, 256 (3d Cir. 2006) ("The BIA must at least show that it has reviewed the record and grasped the movant's claims."), and

---

[2] Lie only appealed the order denying the Motion to Reopen. In fact, the appeal was filed on September 3, 2004, three weeks before the IJ ruled on the Motion to Reconsider.

instead held that his appeal was untimely, which Lie concedes, it nonetheless proceeded to consider the merits of Lie's claim. In that regard, the BIA ruled, "for purposes of completeness," that Lie failed to establish past or a well-founded fear of future persecution.

Lie claims that he suffered and will suffer persecution if returned to Indonesia because he is ethnically Chinese and a Christian. He testified about three incidents which, he claims, constituted persecution. First, when he was ten-years old, he was riding his bicycle and was in an accident with a car. The driver of the car blamed Lie for the accident, called him "a stupid Chinese," and hit and kicked him. App. at 227. Second, while in junior high school, Lie was attacked by muggers. In the third incident, people who were already rioting and looting tried to steal his motorcycle. There is no evidence that ethnicity played any part in the last two incidents. The IJ found, and the BIA agreed, that these events were nothing more than street crime. The BIA expressly agreed with the finding of the IJ that Lie was the victim of "ordinary crime," not persecution. App. at 4.

We consider whether there is substantial evidence to support the decision of the IJ and the BIA. An alien is eligible for asylum if s/he establishes that s/he has been subjected to past persecution or has a well-founded fear of future persecution based on one of the five enumerated grounds. 8 U.S.C. § 1101(a)(42)(A). To show a well-founded fear of future persecution, the alien must show both a subjectively genuine and an objectively reasonable fear of persecution. Chavarria v. Gonzales, 446 F.3d 508, 520 (3d Cir. 2006). Clearly the IJ and the BIA did not err by concluding that these minor events

5

did not rise to the level of persecution. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (holding that Chinese Indonesian's "account of two isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and minor injury, is not sufficiently severe to be considered persecution").

Lie also asserts the protected ground of religion as a basis for asylum. He does not claim to have suffered religious persecution, but he claims that he is afraid to practice his religion openly. Lie testified, and the State Department Country Reports confirm, that many churches have been bombed by Islamic extremists in the past several years. However, most of the bombings occurred on the island of Sulawasi and the Moluccas, which are 1000 miles from Lie's hometown of Jakarta, on the island of Java. Lie was only able to recall a single incident in which a church was attacked in Jakarta.

IJs are required to consider the local conditions in the part of the country in which the alien lives. "An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii). Lie would not even need to relocate, because there is little evidence of religious violence on Java. The IJ did not err by concluding that the events on Sulawasi and the Moluccas would not affect Lie, especially because he testified that it takes a week to travel to those islands by boat.

The IJ made an adverse credibility determination, characterizing Lie's testimony about the reason he failed to attend college as "totally incredible." App. at 192. The IJ

6

also expressed doubts about the sincerity of Lie's religious beliefs. There is substantial evidence to support the IJ's adverse credibility finding. Lie was raised as a Buddhist. When he was twenty-five, his parents converted to Christianity. He claims that he converted as well, but, unlike his parents, he was never baptized and did not belong to a church in Indonesia. He testified that he intends to be baptized, but that he has been too busy. Given the inconsistencies in his testimony, the IJ had reason to find Lie not credible.

In summary, Lie has not established a prima facie case for asylum. He has presented no credible evidence that he was persecuted in Indonesia. As the Government stated in its fine brief, "Lie did not testify regarding a single occurrence of persecution directed at him or at his parents . . . on account of their religious beliefs." Respondent's Br. at 24. His fear of future persecution is not objectively reasonable. According to the State Department Country Report for 2001, Indonesia "officially promotes racial and ethnic tolerance." App. at 324. While there is a history of racial violence, "[r]acially motivated attacks against Sino-Indonesians have dropped sharply since mid-1998." App. at 325. The Indonesian government officially "embraces" several different religions, even lifting its ban on Jehovah's Witnesses in 2001. App. at 318. Although the government has been unable or unwilling to control some religious violence, most of that violence has occurred far from the urban center of Jakarta. Moreover, Lie has not established that he has a genuine, subjective fear of persecution.

To be entitled to withholding of removal, the applicant must show that his or her

7

life or freedom would be threatened upon return to his or her country on account of one of the five enumerated grounds, 8 U.S.C. § 1231(b)(3)(A), which has been interpreted to mean "more likely than not" that the alien would be persecuted. See Singh v. Gonzales, 406 F.3d 191, 196 (3d Cir. 2005). Because Lie is not eligible for asylum, his claim for withholding of removal must fail. Wang v. Gonzales, 405 F.3d 134, 144 (3d Cir. 2005).

Lie also failed to show that he was entitled to protection under the CAT. He did not allege or testify with regard to any acts of torture and there is therefore no basis to overturn the BIA's decision. It follows that the BIA did not abuse its discretion in affirming the IJ's denial of Lie's Motion to Reopen.

We will therefore deny Lie's petition for review.